**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUAN YU ZHU,

        Petitioner,

v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   17-72283

Agency No. A205-630-084

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2020**
Pasadena, California

Before: WARDLAW and CLIFTON, Circuit Judges, and HILLMAN,*** District
Judge.

    Guan Zhu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' decision adopting the Immigration Judge's denial of his

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Timothy Hillman, United States District Judge for the
District of Massachusetts, sitting by designation.

applications for asylum, withholding of removal, and protection under the Convention Against Torture. Reviewing the agency's adverse credibility findings for substantial evidence, *see Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011), we deny the petition for review.

Zhu's claim for religious asylum stems from an alleged incident in which he was arrested and detained by Chinese public security officials in May 2012. Zhu testified that he had suffered from a fractured rib and sought medical treatment after his release. However, Zhu's asylum statement omitted any mention of injuries or the need for medical attention, and, when asked during his asylum interview about his injuries and the need for medical attention, Zhu did not mention a fractured rib and said, "There were just some bruises on my hand and I applied some ointment on my own."[1] The agency considered but was not compelled to accept Zhu's explanations for these omissions and inconsistencies. *See, e.g.*, *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) (affirming adverse credibility determination based on material omissions in the asylum application and finding the petitioner's explanation "not persuasive enough to compel" a different outcome, where the petitioner had explained that he felt it was "not

---

[1] We reject Zhu's contention that the asylum interview was not properly admitted into evidence. *See Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009).

necessary" to include those facts because they "would be discussed at the hearing").

The agency also permissibly concluded that Zhu offered implausible testimony regarding his decision to leave China. Contrary to his testimony, the agency concluded that Zhu intended to come to the United States to work, not to study or to escape religious persecution as a result of the May 2012 incident, and that he began the process of seeking entry to the United States before that incident. Those findings were supported by substantial evidence. For example, to support his claim that he decided to leave after the May 2012 incident, Zhu testified that he applied to Oregon State University and sought an F-1 student visa in July or August 2012. In finding this implausible, the agency noted, among other things, that Zhu's visa had already been verified by a university official on July 2, 2012. *See Singh v. Lynch*, 802 F.3d 972, 976 (9th Cir. 2015) (upholding adverse credibility determination where the agency found testimony implausible based on documentary evidence in the record).

Zhu also testified that he was unaware of asylum until after he arrived in the United States. In finding this representation implausible, the agency noted that, within two weeks of his arrival, Zhu had already obtained notarized documents through his parents in China and signed his asylum application. The agency was

3

not compelled to accept Zhu's explanation that he obtained the notarized documents for college, considering that Zhu never enrolled in school and went directly to New York City to seek employment. *See id.*

Without credible testimony, Zhu failed to establish eligibility for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(ii)–(iii) (outlining credibility criteria for asylum applicants); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Zhu has waived review of the agency's determination that he failed to establish eligibility for withholding of removal or under the Convention Against Torture. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that arguments not raised in a party's opening brief generally are waived).

**PETITION DENIED.**